Matter of Tsamos v New York City Dept. of Bldgs. (2021 NY Slip Op 01495)





Matter of Tsamos v New York City Dept. of Bldgs.


2021 NY Slip Op 01495


Decided on March 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

Before: Webber, J.P., Kern, Scarpulla, Mendez, JJ. 


Index No. 155810/19 Appeal No. 13330 Case No. 2020-03023 

[*1]In the Matter of Dimitrios Tsamos, Petitioner,
v
The New York City Department of Buildings et al., Respondents.


Gerstman Schwartz LLP, Garden City (Randy E. Kleinman of counsel), for petitioner.
James E. Johnson, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for respondents.



Determination of respondent New York City Department of Buildings (DOB), dated February 11, 2019, which, after a hearing, found that petitioner had filed two worker's compensation certificates that had been falsely altered and failed to have required signage displayed at his place of business, and revoked his master plumber's license, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Melissa A. Crane, J.], entered February 7, 2020), dismissed, without costs.
The determination is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-180 [1980]). Contrary to petitioner's contention, there is ample evidence supporting the DOB's determination that he submitted the two falsified worker's compensation certificates. There exists no basis to disturb the Administrative Law Judge's credibility determinations (see e.g. Matter of Riel v State of N.Y. Off. of Children & Family Servs., 175 AD3d 1166, 1167 [1st Dept 2019]).
Under the circumstances, the penalty imposed does not shock our sense of fairness, particularly in light of the pattern of intentional misconduct (see Matter of Harvey v New York City Dept. of Bldgs., 180 AD3d 434, 435 [1st Dept 2020]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2021